IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE W. GARDNER and ROSLYN R. GARDNER, | No. C 06-0828 SBA |
| Plaintiffs, | **ORDER** |
| v. | |
| BLUE BIRD CORPORATION, BLUE BIRD BODY COMPANY, and HOLLAND MOTOR HOMES, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Leave to Amend the Complaint to Eliminate the Federal Causes of Action and Plaintiffs' Motion to Remand this Action to the Superior Court. [Docket Nos. 15 and 18]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiffs' Motion for Leave to Amend the Complaint to Eliminate the Federal Causes of Action and REMANDS the case to the Superior Court of the State of California for the County of San Francisco.

**BACKGROUND**

In August 2003, Plaintiffs George W. Gardner and Roslyn R. Gardner ("Plaintiffs") purchased a new 2004 Blue Bird M380 motor home for $365,666.10 from Defendant Holland Motor Homes, an authorized dealer of motor homes manufactured by Defendants Blue Bird Corporation and Blue Bird Body Company. Complaint for Breach of Warranty (hereinafter "Compl.") at ¶¶ 1-4. During the first six months after delivery of the motor home to Plaintiffs, they found various defects with the home. *Id.* at ¶ 11. Plaintiffs contend that after numerous repair attempts by Bluebird-authorized repair shops Defendants were unable to repair the home's defects during the express warranty period. *Id.* at ¶ 8. On November 17, 2005, Plaintiffs wrote to Bluebird revoking acceptance of the motor home in question and demanded a replacement motor home. *Id.* at ¶ 13. Bluebird refused. *Id.* at ¶ 14.

On January 5, 2006, Plaintiffs filed a complaint against Defendants Blue Bird Corporation, Blue Bird Body Company, and Holland Motor Homes ("Defendants") in the Superior Court of the State of California for the County of San Francisco. Plaintiffs alleged Defendants breached the express three-year or 36,000 mile warranty against defects and one-year implied warranty of merchantability and fitness for ordinary use. *Id.* at ¶¶ 5-6. Plaintiffs brought state causes of action against Defendants for breach of the implied warranty under California Civil Code § 1792; violation of the express warranty under California Civil Code § 1793.2; as well as federal causes of action against Defendants for violation of the express warrant under 15 U.S.C. § 2310(d); and breach of the implied warranty under 15 U.S.C. § 2310(d). *Id.* at ¶¶ 21-40. Defendants answered the complaint on March 13, 2006.

On February 7, 2006, pursuant to 28 U.S.C. § 1441(b), Defendants removed this civil action to this Court. On June 8, 2006, Plaintiffs filed the instant Motions for Leave to Amend the Complaint to Eliminate the Federal Causes of Action and to Remand this Action to the Superior Court.

## LEGAL STANDARD

### I.   Leave to Amend

A plaintiff may amend her complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Where plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). In assessing whether to grant leave to amend, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party is the most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)).

2

An amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

## II.  Remand to State Court

When a case is properly removed on the basis of federal question jurisdiction, but the federal claims subsequently drop out of the action, the district court retains the discretion to remand the action to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988). In each case, and at every stage of the litigation, the federal court must consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case involving pendent state-law claims. *Id.* at 349. The doctrine of pendent jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values. *Id.* When the balance of the relevant factors indicates that a case properly belongs in state court, such as when the federal claims have dropped out of the lawsuit in the early stages of the litigation, the district court may decline the exercise of jurisdiction and may remand the action to state court. *Id.* As the United States Supreme Court recognized in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the district court's jurisdiction over state law claims "need not be exercised in every case in which it is found to exist . . . . Needless decisions of state law should be avoided as a matter of comity[.]"

## **ANALYSIS**

## I.  Leave to Amend

Defendants oppose Plaintiffs' motion to amend based on the amendment's resulting undue prejudice to the Defendants. Specifically, Defendants argue that the Plaintiffs' proposed amended complaint would strip Defendants of their right to a federal bench trial and would force them to duplicate tasks. Although Plaintiffs have waived their rights to a jury pursuant to Federal Rule of Civil Procedure 38, Defendants do not have a right to a federal bench trial. Indeed, the Seventh Amendment only confers a right to a jury trial and Federal Rule of Civil Procedure 39 does not guarantee the

3

Defendants a bench trial after Plaintiffs' waiver. Moreover, the Defendants do not cite any legal basis for their allegations that a defendant is unable to obtain a fair jury trial in a breach of warranty claim.

Defendants' second argument that they will be unduly prejudiced by having to duplicate tasks similarly fails. Neither party has performed substantial work on the case to date. Much of the information and effort used in this Court could be reused in state court. Furthermore, Defendants do not establish prejudice by claiming they have incurred litigation expenses to date. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001). Accordingly, the Court finds that Defendants would not be unduly prejudiced by the Plaintiffs' proposed amendment.

Defendants further oppose Plaintiffs' motion to amend as a bad faith effort to circumvent Plaintiffs' jury waiver. Plaintiffs respond that their motion is not in bad faith. Plaintiffs contend that they brought this motion to amend to facilitate a remand to state court. They cite *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995) to validate their motivation for amendment. However, Defendants' evidence shows that Plaintiffs sought to circumvent their jury waiver through an amendment and as such, Plaintiffs' acted in bad faith. The ruling in *Baddie* is inapplicable to this case because of Plaintiffs' bad faith. In *Baddie,* the Ninth Circuit found the Plaintiffs' removal and remand proper because there was nothing "manipulative about [their] straightforward tactical decision" to dismiss their federal claims and move for remand. *Baddie*, 64 F.3d at 491. Here, Plaintiffs do have a manipulative motive, namely to undo their jury trial waiver. Moreover, the plaintiffs in *Baddie* "dismissed their claims and moved for remand with all due speed after removal." *Id.* Here, Plaintiffs waited almost four months after removal to file the instant motions. Further, in *Thornton v. McClatchy Newspaper*, No. CV-97-06002-REC, Judge Coyle found the plaintiff "acted in bad faith in seeking to amend her Complaint for the purpose of 'undoing' her jury waiver." *Thornton v. McClatchy Newspaper,* 261 F. 3d 789 (9th Cir. 2001) (citing *Thornton v. McClatchy Newspaper*, No. CV-97-06002-REC). Accordingly, the Court finds that Plaintiffs' motion to amend their complaint to undo their jury waiver is in bad faith.

Bad faith, however, is but one of the factors to consider in deciding a motion to amend. The other relevant factors weigh in favor of granting the amendment. Specifically, Plaintiffs' motion to

4

1 amend will not unduly prejudice the Defendants, is not unduly delayed, is not motivated by dilatory
2 purposes, is not another attempt to cure the complaint's deficiencies, and would not be futile. As the
3 other factors weigh in favor of granting amendment and Federal Rule of Civil Procedure 15(a) should
4 be "applied liberally in favor of amendments," the Court GRANTS the Plaintiffs leave to amend their
5 complaint. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

## II.     Remand to Superior Court

When a case is properly removed on the basis of federal question jurisdiction, but the federal claims subsequently drop out of the action, the district court retains the discretion to remand the action to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 348. As the amended complaint drops the federal claims and retains only state law claims, the Court must consider the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over these pendant state-law claims. *Id.* at 349. The Court finds that these values weigh in favor of remand because the litigation is in its early stages, remand would be fair, the Superior Court is equally as convenient as this Court, and the remaining state law claims can be properly resolved in the Superior Court. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. at 349 (When the balance of the relevant factors indicates that a case properly belongs in state court, such as when the federal claims have dropped out of the lawsuit in the *early stages of the litigation*, the district court may decline the exercise of jurisdiction and may remand the action to state court).  Accordingly, the Court REMANDS the remaining state law claims to the Superior Court.

## **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Plaintiffs are GRANTED Leave to Amend the Complaint to Eliminate the Federal Causes of Action.

IT IS HEREBY FURTHER ORDERED THAT the above captioned action is REMANDED to the Superior Court of the State of California for the County of San Francisco.

IT IS SO ORDERED.

*Saundra B Armstrong*

5

Dated: 7/25/06                                SAUNDRA BROWN ARMSTRONG
                                              United States District Judge